1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   GARY CHARLTON and TRINA
    CHARLTON,                              NO:  13-CV-0243-TOR

8
                          Plaintiffs,      ORDER GRANTING DEFENDANTS'
9                                          MOTION TO DISMISS

          v.
10

11  WELLS FARGO BANK N.A. and
    NORTHWEST TRUSTEE
    SERVICES, INC.,
12
                          Defendants.
13

14       BEFORE THE COURT is Defendant Wells Fargo Bank, N.A.'s Motion to

15  Dismiss for Failure to State a Claim (ECF No. 11), in which Defendant Northwest

16  Trustee Services has joined (ECF No. 15).   This matter was submitted for

17  consideration without oral argument.  The Court has reviewed the briefing[1] and the

18  record and files herein, and is fully informed.

19  _____

    [1] Plaintiffs did not file a memorandum in opposition to this motion, but the Court

20  declines to construe such neglect as consent to the entry of an order adverse to

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

1

2                              BACKGROUND

3          Plaintiffs Gary and Trina Charlton ("Plaintiffs"), proceeding *pro se*, bring

4    this action to quiet title in a residential property which is currently the subject of

5    non-judicial foreclosure proceedings.  For the reasons discussed below, the Court

6    concludes that Plaintiffs have failed to state a claim to quiet title.

7                                 FACTS

8          Plaintiffs purchased a home in Nine Mile Falls, Washington, in February

9    2005.  To finance the purchase, Plaintiffs borrowed $236,000 from Defendant

10   Wells Fargo Bank, N.A. ("Wells Fargo").  In exchange for these funds, Plaintiffs

11   executed a promissory note and deed of trust in favor of Wells Fargo.

12         Plaintiffs subsequently fell behind on their mortgage payments and defaulted

13   on the loan.  On October 16, 2012, Wells Fargo appointed Defendant Northwest

14   Trustee Services, Inc. ("Northwest") as successor trustee.  On December 5, 2012,

15   Northwest recorded a Notice of Trustee's Sale advising Plaintiffs that a trustee's

16   sale had been scheduled for April 5, 2013.

17

18

19   them.  *See Heinemann v. Satterberg*, --- F.3d ---, 2013 WL 5312568 (9th Cir.

20   2013).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

1    Plaintiffs filed for Chapter 7 bankruptcy three days prior to the scheduled

2    sale.  Their bankruptcy petition was dismissed approximately three weeks later due

3    to non-payment of the filing fee.  Following the dismissal of the bankruptcy case,

4    Northwest rescheduled the trustee's sale for August 2, 2013.  Plaintiffs then filed

5    the instant lawsuit in Spokane County Superior Court on June 7, 2013.  Defendants

6    removed the case to this Court on June 27, 2013.  It is unclear from the existing

7    record whether the trustee's sale scheduled for August 2, 2013, actually occurred.

8                                                    DISCUSSION

9    A motion to dismiss for failure to state a claim "tests the legal sufficiency"

10   of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To

11   withstand dismissal, a complaint must contain "enough facts to state a claim to

12   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

13   (2007).  "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s]

14   of the elements of a cause of action will not do."  *Id.* at 555, 557.  "A claim has

15   facial plausibility when the plaintiff pleads factual content that allows the court to

16   draw the reasonable inference that the defendant is liable for the misconduct

17   alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a plaintiff need not

18   establish a probability of success on the merits, he or she must demonstrate "more

19   than a sheer possibility that a defendant has acted unlawfully."  *Id.*

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Federal Rule of Civil Procedure 9(b) governs the pleading of allegations involving fraud or mistake. In contrast to the more lenient standard set forth in Rule 8(a)(2), Rule (9)(b) requires that a party "state with particularity the circumstances constituting fraud or mistake" in his or her complaint. To satisfy this standard, the allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. CibaGeigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and

1   how of the misconduct charged." *Id.* (quotation and citation omitted).  A party

2   may, however, plead allegations of "[m]alice, intent, knowledge, and other

3   conditions of a person's mind" more generally. Fed. R. Civ. P. 9(b).

4          In ruling upon a motion to dismiss, a court must accept all factual allegations

5   in the complaint as true and construe the pleadings in the light most favorable to

6   the party opposing the motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979,

7   988 (9th Cir. 2001).  The court may disregard allegations that are contradicted by

8   matters properly subject to judicial notice or by exhibit.  *Id.*  The court may also

9   disregard conclusory allegations and arguments which are not supported by

10  reasonable deductions and inferences.  *Id.*

11         The Ninth Circuit has repeatedly instructed district courts to "grant leave to

12  amend even if no request to amend the pleading was made, unless ... the pleading

13  could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

14  F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is

15  generous—the court "should freely give leave when justice so requires."  Fed. R.

16  Civ. P. 15(a)(2).  In determining whether leave to amend is appropriate, a court

17  must consider the following five factors: bad faith, undue delay, prejudice to the

18  opposing party, futility of amendment, and whether the plaintiff has previously

19  amended the complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995

20  (9th Cir. 2011).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

1    Plaintiffs' only cause of action is a claim to quiet title in their property.  ECF

2    No. 4, at ¶ 9.  Plaintiffs have not sought to enjoin Defendants from proceeding with

3    the pending trustee's sale, *see* RCW 61.24.130, nor have they asserted claims for

4    monetary damages arising from violations of the Deeds of Trust Act ("DTA"), the

5    Consumer Protection Act ("CPA"), or any other state or federal statute.  *See*

6    *Walker v. Quality Loan Serv. Corp.*, --- Wash. App. ---, 2013 WL 3989666 at *3-6

7    (Aug. 5, 2013) (recognizing cause of action for damages for pre-foreclosure

8    violations of the DTA under RCW 61.24.127(1)(c)).  Accordingly, the only issue

9    before the Court is whether the facts alleged in the Complaint, when accepted as

10   true, state a legally cognizable claim to quiet title.

11       In support of their claim to quiet title, Plaintiffs have advanced two theories

12   commonly asserted in non-judicial foreclosure cases.  First, Plaintiffs allege that

13   Defendants lack "standing" to foreclose on the deed of trust because the underlying

14   debt obligation was sold into a securitized trust.  ECF No. 4 at ¶ 6 ("Defendant[s]

15   lack[] Standing to enforce the negotiable instrument since they are not the real

16   party of interest [sic] Having sold there [sic] interest into a REMIC[.]").  Second,

17   Plaintiffs allege that the securitization of their mortgage erased the underlying debt

18   obligation entirely, leaving them with free and clear title to the property.  ECF No.

19   4 at ¶ 6 ("A loan, once securitized, is permanently converted into a stock. . . . In the

20   event of a default, the REMIC . . . write[s] off the debt and receives tax credit for

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

the write off.  Therefore the debt is discharged.  The Plaintiff alleges that the debt

has been discharged in full.").  Neither theory states a legally cognizable claim to

quiet title under Washington law.

With regard to the latter argument, the securitization of a mortgage neither

eliminates the underlying debt obligation nor severs the attached security interest.

*Walker*, --- Wash. App. ---, 2013 WL 3989666 at *11; *see also Abram v. Wachovia

Mortg.*, 2013 WL 1855746 at *2 (W.D. Wash., April 30, 2013) (unpublished)

(explaining that the so-called "split the note" theory "has no sound basis in law or

logic" and has been expressly rejected by the Ninth Circuit and the Washington

Supreme Court); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

1044 (9th Cir. 2011) (holding that securitization of note through MERS system did

not deprive lender of right to foreclose on deed of trust).  Contrary to Plaintiffs'

assertions, their debt was not "discharged in full" by virtue of having been sold

into a securitized trust.  Plaintiffs remain obligated to repay their debt under the

promissory note, and the note remains secured by the deed of trust.  *Walker*, ---

Wash. App. ---, 2013 WL 3989666 at *11.

For similar reasons, the allegation that Defendants lack "standing" to initiate

non-judicial foreclosure proceedings does not state a claim to quiet title.  As the

Washington Court of Appeals explained in *Walker*, an action to quiet title "is an

equitable proceeding designed to resolve competing claims of ownership."  ---

Wash. App. ---, 2013 WL 3989666 at *11 (quotation and citation omitted).  "A plaintiff in an action to quiet title must prevail, if he prevails at all, on the strength of his own title, and not on the weakness of the title of his adversary."  *Id.* (quotation and citation omitted).  To whatever extent Defendants lack "standing" to initiate non-judicial foreclosure proceedings, this circumstance does not weaken their claim to title in the property.  *Id.*  Assuming for the sake of argument that Wells Fargo cannot qualify as a "beneficiary" under RCW 61.24.005(2) by virtue of the fact that the loan was sold into a securitized trust, *see Bain v. Metro. Mortg. Grp., Inc.*, 175 Wash.2d 83, 98-110 (2012), the only consequence is that it may not foreclose on the property *non-judicially*.  It may, of course, still initiate *judicial* foreclosure proceedings to enforce its valid security interest.  *Bain*, 175 Wash.2d at 109 ("[N]othing herein should be interpreted as preventing the parties [from] proceed[ing] with judicial foreclosures.").

In sum, Plaintiffs' allegations have no bearing whatsoever on the parties' respective claims to title in the subject property.  Accordingly, Plaintiffs have failed to state a claim to quiet title.  Because leave to amend the Complaint to plead additional facts in support of this claim would be futile, the Court will dismiss the case with prejudice.  *See Lopez*, 203 F.3d at 1130 (leave to amend properly denied when "the pleading could not possibly be cured by the allegation of other facts").

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

1  **IT IS HEREBY ORDERED:**

2      Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss for Failure to State

3  a Claim (ECF No. 11), in which Defendant Northwest Trustee Services has joined

4  (ECF No. 15), is **GRANTED**.  Plaintiffs' Complaint is **DISMISSED** with

5  prejudice.

6      The District Court Executive is hereby directed to enter this Order, provide

7  copies to counsel and the Plaintiffs at their address of record, and **CLOSE** the file.

8      **DATED** September 30, 2013.

9



10                                 THOMAS O. RICE
                                United States District Judge
11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9